UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
\----------------------------------------------------- X
AHMAD NURIDDINOV,                              :
                                               :       **COMPLAINT**
                      Plaintiff,     :
    -against-                                 :       **15-CV-5875**
                                               :
MASADA III, INC., MASADA III                   :       **Jury Trial Demanded**
TRANSPORTATION BROKERS, INC., and              :
MASADA III CAR & LIMO SERVICE                  :
CORP.,                                         :
                                               :
                    Defendants.    :
\----------------------------------------------------- X

       Plaintiff, Ahmad Nuriddinov, by his attorneys, the Law Offices of Russell E. Adler PLLC, for his complaint against Defendants Masada III, Inc., Masada III Transportation Brokers, Inc., and Masada III Car & Limo Service Corp., alleges as follows:

### NATURE OF THE ACTION

       1.     Plaintiff, Ahmad Nuriddinov, a former employee of Masada III Inc., Masada III Transportation Brokers, Inc. and/or Masada III Car & Limo Service Corp. (collectively, "Defendants" or "Masada") seeks recovery of unpaid overtime pay under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

### THE PARTIES

       2.     Plaintiff is and was at all times relevant in this action an individual residing in the state of New York.

       3.     Defendant Masada III, Inc., is a New York corporation with its principal place of business located at 1319 East 17th Street, Brooklyn, New York 11230.

       4.     Defendant Masada III Transportation Brokers Inc., is a New York corporation with its principal place of business located at 2078 Pearson Street Brooklyn, New York 11234.

       5.     Defendant Masada III Car & Limo Service Corp. is a New York corporation with its principal place of business located at 2078 Pearson Street Brooklyn, New York 11234.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

7. Venue is proper in this district under 28 U.S.C. § 1391(b) because all or a substantial part of the events giving rise to Plaintiff's claims occurred in the Eastern District of New York.

## FACTS

8. Plaintiff was employed as a driver for Defendants from on or about August 12, 2014 until on or about January 23, 2015.

9. Although characterized and paid as if he was an independent contractor, Plaintiff was in fact an employee.

10. The following is a non-exclusive list of facts that demonstrate Masada misclassified Plaintiff as an independent contractor when he was, in fact, an employee:

   a. Plaintiff did not own the vehicle he drove for Defendants, nor did he lease it from Defendants or a third party, it was provided to him by Defendants at no cost;

   b. Plaintiff was not required to provide his own car insurance;

   c. Plaintiff did not pay for expenses for the vehicle such as fuel or maintenance;

   d. Plaintiff did not have an opportunity for profit or loss, nor did he ever experience a loss;

   e. Plaintiff was paid a flat fee of $120 per day, regardless of his hours worked;

   f. Plaintiff was subject to the complete direction and control of Defendants' dispatchers who provided him with a detailed list of assignments on a daily basis;

   g. Plaintiff was not permitted to deviate from the tasks assigned by Masada, nor to pick up passengers of his own choosing;

   h. Plaintiff was entirely economically dependent upon Defendants for all of his

assignments and income;

i. The work Plaintiff performed for Defendants – driving passengers in Masada owned or operated cars -- was integral and essential to Defendants business.

11. During his employment, Plaintiff was never paid overtime at one and one-half his regular rate for hours worked beyond 40 each workweek; rather, he received a flat rate of $120 per day.

12. Defendants also failed to pay Plaintiff the "spread of hours" premium for hours worked in excess of 10 hours per day as required by 12 NYCRR § 142-2.4.

13. During his employment, Plaintiff regularly worked 10-12 hours per day, six or seven days a week.

14. Defendants did not maintain records of Plaintiff's hours worked in compliance with the FLSA or NYLL.  For example, Defendants did not maintain records of, among other things, Plaintiff's time in and out on a daily basis.

15. Plaintiff received daily instructions on his assignments ("Daily Assignment Records") that detailed all pick up and drop off locations for passengers and the times for each pick up and/or drop off.

16. Reviewing the Daily Assignment Records and, in particular, the first and last assignments each day, demonstrates that Plaintiff worked approximately the following overtime hours and was entitled to spread of hours pay as follows:

| Workweek | Uncompensated Overtime Hours Worked | Spread of Hours Pay Due |
|---|---|---|
| 8.11.14 – 8.17.14 | 34.75 | 6 |
| 8.18.14 – 8.24.14 | 41.25 | 6 |
| 8.25.14 – 8.31.14 | 17.25 | 4 |
| 9.1.14 – 9.7.14 | 27.5 | 5 |
| 9.8.14 – 9.14.14 | 22.5 | 5 |
| 9.15.14 – 9.21.14 | 48 | 7 |
| 9.22.14 – 9.28.14 | 11.25 | 4 |
| 9.29.14 – 10.5.14 | - | 3 |

3

| | | |
|---|---|---|
| 10.6.14 – 10.12.14 | 47 | 7 |
| 10.13.14 – 10.19.14 | 23 | 5 |
| 10.20.14 – 10.26.14 | 22.5 | 5 |
| 10.27.14 – 11.2.14 | 11 | 4 |
| 11.17.14 – 11.23.14 | 43.5 | 6 |
| 11.24.14 – 11.30.14 | 9 | 4 |
| 12.1.14 – 12.7.14 | 33 | 6 |
| 12.8.14 – 12.14.14 | 48 | 7 |
| 12.15.14 – 12.21.14 | 35 | 6 |
| 12.22.14 – 12.28.14 | - | 3 |
| 12.29.14 – 1.4.15 | 46.5 | 7 |
| 1.5.15 – 1.11.15 | 15 | 3 |
| 1.12.15 – 1.18.15 | 48 | 7 |
| 1.19.15 – 1.25.15 | 11.5 | 4 |
| **Subtotal** | **595.5** | **115** |

17. Defendants failed to provide Mr. Nuriddinov the notice of his pay and overtime rate or accurate wage statements, both required by NYLL § 195

18. Defendants never posted within the workplace, nor provided Plaintiff with, any notice of employee rights under the FLSA or NYLL.

19. Plaintiff's employment was terminated on or about January 23, 2015.

**FIRST CLAIM FOR RELIEF**
**29 U.S.C. § 201 et seq.**
**The Fair Labor Standards Act ("FLSA")**
**- Against All Defendants -**

20. Plaintiff repeats and realleges the allegations set forth above as though fully set forth herein.

21. Defendants employed Plaintiff within the meaning of the FLSA.

22. During his employment, Plaintiff was entitled to overtime pay at one and one-half his regular rate ($22.50) for all hours in excess of 40 each workweek.

23. Based on Plaintiff's estimated overtime hours worked, Plaintiff is entitled to an amount due at trial, but not less than $13,398.75 in unpaid overtime.

24. Defendants knowingly and willfully violated the FLSA, thereby entitling Plaintiff to liquidated damages equal to 100% of the unpaid wages and overtime.

25. Plaintiff is entitled to recovery of his attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
### New York Labor Law ("NYLL")
### - Against All Defendants -

26. Plaintiff repeats and realleges the allegations set forth above as though fully set forth herein.

27. At all relevant times in this action, Defendants employed Plaintiff within the meaning of the NYLL.

28. During his employment, Plaintiff was entitled to overtime pay at one and one-half his regular rate ($22.50) for all hours in excess of 40 each workweek.

29. Based on Plaintiff's estimated overtime hours worked, Plaintiff is entitled to an amount due at trial, but not less than $13,398.75 in unpaid overtime.

30. Defendants knowingly and willfully violated the NYLL, thereby entitling plaintiff to liquidated damages equal to 100% of the unpaid wages and overtime.

31. Defendants knowingly and willfully failed to provide Plaintiff with statutory notices of, among other things, Plaintiff' regular and overtime rates as required by NYLL § 195.

32. By virtue of Defendants' failure to provide Plaintiff with pay notices and wage statements pursuant to NYLL § 195, Plaintiff is entitled to statutory damages in an amount to be determined at trial, but not less than $3,450.

33. Plaintiff is entitled to recovery of his attorneys' fees and costs pursuant to NYLL § 198.

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

(a) Unpaid overtime pay for all overtime hours worked;

(b) Unpaid "spread of hours" pay for all workdays when he worked a spread of hours greater than 10 in a day;

(c) Liquidated damages equal to 100% of the unpaid overtime pursuant to the FLSA;

(d) Liquidated damages equal to 100% of the unpaid overtime and spread of hours pay pursuant to the NYLL;

(e) Prejudgment interest in an amount to be determined at trial;

(f) Statutory penalties for failure to provide Plaintiff with wage notices and wage statements pursuant NYLL §§ 195, 198;

(g) An award of costs and expenses of this action, together with reasonable attorneys' fees, and as authorized by the FLSA and NYLL; and

(h) Such other and further relief as this Court deems just and proper.

Dated: October 13, 2015

LAW OFFICES OF RUSSELL E. ADLER PLLC

By:_____
    Russell E. Adler
370 Lexington Avenue, Suite 1012
New York, New York 10017
T: 212.867.9711
russ@radlerlawpllc.com
*Attorneys for Plaintiff*