```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
AHMAD NURIDDINOV,                          **NOT FOR PUBLICATION**

              Plaintiff,                   **ORDER ADOPTING REPORT**
                                           **AND RECOMMENDATION**
                                           15-CV-5875 (KAM)(RML)
         -against-


MASADA III, INC., MASADA III
TRANSPORTATION BROKERS, INC., and
MASADA III CAR & LIMO SERVICE CORP.,

              Defendants.
----------------------------------------x
```
**MATSUMOTO, United States District Judge**:

      Plaintiff Ahmad Nuriddinov ("plaintiff") commenced this wage and hour action on October 13, 2015 against Masada III, Inc. ("Masada III"), Masada III Transportation Brokers, Inc. ("Masada III Transportation"), and Masada III Car & Limo Service Corp. ("Masada Car & Limo") (collectively, "defendants").  (ECF No. 1, Complaint.)  At the court's direction, plaintiff filed an amended complaint ("Amended Complaint") on February 24, 2017, in which he asserted claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the New York Labor Law ("NYLL").  (ECF No. 23-1, Ex. A, Amended Complaint ¶¶ 18, 29-42.)  On April 29, 2017, plaintiff filed his third motion for default judgment.  (ECF No. 26, Affirmation in Support of Plaintiff's Motion for Default Judgment.)  Presently before the court is the Report and

1

Recommendation of the United States Magistrate Judge Robert M. Levy (the "R&R"), filed on July 24, 2017. (ECF No. 27, Report and Recommendation ("R&R").) A copy of the R&R was mailed to defendant on the same date. (ECF Entry, dated 7/24/2017.) None of the parties in this action has filed an objection to the R&R. The court assumes familiarity with the factual and procedural history as set forth in the R&R. (ECF No. 27, R&R at 2-5.)

For the reasons stated below, the court substantially adopts the R&R with modifications as to the amount of damages and interest awarded.

**LEGAL STANDARD**

A district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge" in a Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). Where no objections are made, the court may adopt the Report and Recommendation without *de novo* review, *see Thomas v. Arn*, 474 U.S. 140, 150 (1985), and need only review for clear error on the face of the record. *See* Fed. R. Civ. P. 72(b); *Baptichon v. Nev. State Bank*, 304 F. Supp. 2d 451, 453 (E.D.N.Y. 2004), *aff'd*, 125 F. App'x 374 (2d Cir. 2005).

**DISCUSSION**

The R&R recommends that plaintiff's third motion for default judgment be granted in part and denied in part. Specifically, it recommends that default judgments be entered

against defendants Masada III Transportation and Masada III but denied with respect to defendant Masada III Car & Limo Service. (ECF No. 27, R&R at 10-15.) Additionally, the R&R recommends that plaintiff be awarded $9,254.60 in damages, consisting of $2,902.30 in unpaid overtime compensation, $1,150 in statutory penalties for wage notice violations, $2,300 in statutory penalties for wage statement violations, and $2,902.30 in liquidated damages under state law. (*Id.* at 16-21.) The R&R also recommends that plaintiff be awarded prejudgment interest on his compensatory damages of $2,902.30 at a rate of nine percent per annum from November 2, 2014 to the date that judgment is entered, as well as post-judgment interest. (*Id.* at 21-22.) Finally, the R&R recommends that plaintiff be awarded $15,750 in attorney's fees and $914.30 in costs. (*Id.* at 23-27.)

Upon clear error review, the court substantially adopts Judge Levy's R&R with modifications as to the damages award and interest. Without modification, the court adopts the recommendation to grant plaintiff's motion for default judgment with respect to defendants Masada III and Masada Transportation and to deny plaintiff's motion for default judgment with respect to defendant Masada III Car & Limo. (*Id.* at 10-15.) As to damages, the court adopts without modification the recommendations regarding statutory penalties for wage notice

3

violations, statutory penalties for wage statement violations, and spread-of-hours premiums. (*Id.* at 15-16, 20-21.) Specifically, the court adopts the recommendation that plaintiff be awarded $1,150 in statutory penalties for wage notice violations and $2,300 in statutory penalties for wage statement violations. (*Id.* at 20-21.) The court adopts the recommendation that plaintiff is not entitled to, and therefore should not be awarded, unpaid spread-of-hour premiums because plaintiff's daily compensation was always greater than the state minimum wage rate plus one additional hour. (*Id.* at 15-16.) Finally, the court also adopts without modification the recommendation that plaintiff be awarded $15,750 in attorney's fees and $914.30 in costs. (*Id.* at 23-27.)

The court adopts, with modifications to the amounts, the recommendations that plaintiff be awarded unpaid overtime compensation, liquidated damages under state law but not federal law, prejudgment interest on his compensatory damages at a rate of nine percent per annum from November 2, 2014 to the date that judgment is entered, and post-judgment interest on the amount awarded from the date of judgment. Based on the calculations set forth below, the court modifies the amounts to be awarded. The court employed the same method of calculation as was used in the R&R (*id.* at 18-19), and is described below, but came to a

4

slightly higher award due to differences found in the number of hours plaintiff worked.

The court calculated plaintiff's lawful hourly rate on a week-by-week basis for every workweek (Monday-Sunday) he worked for defendants.[1]  By multiplying plaintiff's daily rate ($120) by the number of days worked, the court calculated plaintiff's actual weekly compensation ("Actual Pay Received"). The court calculated plaintiff's lawful hourly rate by dividing plaintiff's Actual Pay Received by the number of hours worked in that week.[2]  To determine plaintiff's lawful overtime ("OT") rate for each week, plaintiff's lawful hourly rate for each week was multiplied by 1.5.  For weeks in which plaintiff worked more than forty hours, the lawful hourly rate was multiplied by forty to determine the amount plaintiff is due for those hours ("Lawful Straight Time Pay Due"), and the lawful overtime rate was multiplied by the number of hours worked over forty to determine the amount of overtime pay due ("Lawful OT Pay Due"). The sum of those two numbers equals the pay plaintiff was lawfully due based on his rate that week ("Total Lawful Pay

---

[1] As discussed in the R&R, plaintiff's testimony and the Amended Complaint represent that he received a flat daily rate of $120.  (*See* ECF No. 27, R&R at 17, 18 n.6.)

[2] As in the R&R, the hours were calculated based on the evidence provided in plaintiff's time records.  (ECF No. 19, Time Records.)  The number of hours worked each day was calculated from the first scheduled pickup to the last scheduled pickup, with 1.5 hours added to account for travel time between plaintiff's last pickup and return to Masada at the end of each work day. (*See* ECF No. 27, R&R at 18 n.7.)

Due"). Subtracting the Actual Pay Received from Total Lawful Pay Due yields the unpaid wages that plaintiff is owed. As illustrated in the chart[3] below, this results in an award of $3,401.51 for unpaid wages.

| Workweek | Days Worked | Actual Pay Received | Hours Worked | Lawful Hourly Rate | Lawful Straight Time Pay Due | OT Hours | Lawful OT Rate | Lawful OT Pay Due | Total Lawful Pay Due | Unpaid Wages Owed |
|---|---|---|---|---|---|---|---|---|---|---|
| 8.11.14-8.17.14 | 6 | $720 | 77.73 | $9.26 | $370.50 | 37.73 | $13.89 | $524.25 | $894.75 | $174.75 |
| 8.18.14-8.24.14 | 7 | $840 | 85.75 | $9.80 | $391.84 | 45.75 | $14.69 | $672.24 | $1064.08 | $224.08 |
| 8.25.14-8.31.14 | 5 | $600 | 59.75 | $10.04 | $401.67 | 19.75 | $15.06 | $297.49 | $699.16 | $99.16 |
| 9.1.14-9.7.14 | 6 | $720 | 71.43 | $10.08 | $403.17 | 31.43 | $15.12 | $475.24 | $878.41 | $158.41 |
| 9.8.14-9.14.14 | 5 | $600 | 65.05 | $9.22 | $368.95 | 25.05 | $13.84 | $346.58 | $715.53 | $115.53 |
| 9.15.14-9.21.14 | 7 | $840 | 92.33 | $9.10 | $363.90 | 52.33 | $13.65 | $714.15 | $1078.05 | $238.05 |
| 9.22.14-9.28.14 | 4 | $480 | 53.33 | $9.00 | $360 | 13.33 | $13.50 | $180 | $540 | $60 |
| 9.29.14-10.5.14 | 3 | $360 | 39.03 | $9.22 | $368.92 | 0 | $13.83 | $0 | $368.92 | $8.92 |
| 10.6.14-10.12.14 | 7 | $840 | 89.42 | $9.39 | $375.77 | 49.42 | $14.09 | $696.35 | $1072.12 | $232.12 |
| 10.13.14-10.19.14 | 5 | $600 | 65.5 | $9.16 | $366.41 | 25.5 | $13.74 | $350.38 | $716.79 | $116.79 |
| 10.20.14-10.26.14 | 6 | $720 | 77.9 | $9.24 | $369.70 | 37.9 | $13.86 | $525.44 | $895.15 | $175.15 |
| 10.27.14-11.2.14 | 5 | $600 | 67.72 | $8.86 | $354.42 | 27.72 | $13.29 | $368.37 | $722.79 | $122.79 |
| 11.10.14-11.16.14 | 1 | $120 | 12.02 | $9.99 | $399.45 | 0 | $14.98 | $0 | $399.45 | $279.45 |
| 11.17.14-11.23.14 | 7 | $840 | 86.8 | $9.68 | $387.10 | 46.8 | $14.52 | $679.35 | $1066.45 | $225.45 |
| 11.24.14-11.30.14 | 4 | $480 | 50.92 | $9.43 | $377.09 | 10.92 | $14.14 | $154.37 | $531.46 | $51.46 |
| 12.1.14-12.7.14 | 6 | $720 | 76.17 | $9.45 | $378.19 | 36.17 | $14.18 | $512.82 | $890.94 | $170.94 |
| 12.8.14-12.14.14 | 7 | $840 | 91.22 | $9.21 | $368.35 | 51.22 | $13.81 | $707.47 | $1075.82 | $236.82 |
| 12.15.14-12.21.14 | 6 | $720 | 78.08 | $9.22 | $368.84 | 38.08 | $13.83 | $526.74 | $895.58 | $175.58 |
| 12.22.14-12.28.14 | 3 | $360 | 37.22 | $9.67 | $386.92 | 0 | $14.51 | $0 | $386.92 | $26.92 |
| 12.29.14-1.4.15 | 6 | $720 | 76.3 | $9.44 | $377.46 | 36.3 | $14.15 | $513.81 | $891.27 | $171.27 |
| 1.5.15-1.11.15 | 5 | $600 | 62.13 | $9.66 | $386.27 | 22.13 | $14.48 | $320.60 | $706.87 | $106.87 |

---

[3] For the purposes of the chart, where relevant, numbers are rounded to the nearest hundredth decimal. However, the court used the non-rounded numbers to calculate the total amount of unpaid wages owed.

6

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 1.12.15-1.18.15 | 5 | $600 | 64.55 | $9.30 | $371.80 | 24.55 | $13.94 | $342.29 | $714.10 | $114.10 |
| 1.19.15-1.25.15 | 4 | $480 | 53.22 | $9.02 | $360.79 | 13.22 | $13.53 | $178.82 | $539.61 | $59.61 |

**Total Unpaid Wages Owed: $3,401.51**

The court modifies the R&R's recommendations regarding liquidated damages, prejudgment interest, and post-judgment interest based on the revised compensatory damages award of $3,401.51. With respect to liquidated damages, the court adopts the recommendation that plaintiff be awarded liquidated damages only under state law and in the amount of one-hundred percent of the wages due. (*Id.* at 21 (citing, *inter alia*, *Chowdhury v. Hamza Express Food. Corp.*, 666 F. App'x 59, 60 (2d Cir. 2016) (summary order) and N.Y. Lab. Law § 663(1)).) Accordingly, plaintiff is awarded $3,401.51 in liquidated damages.

The court adopts the recommendation that prejudgment interest be calculated at a rate of nine percent per annum from November 2, 2014 to the date judgment is entered (*id.* at 21-22 (citing C.P.L.R. § 5004)), but modifies the recommendation so that the interest is applied to compensatory damages in the amount of $3,401.51. Similarly, the court adopts the recommendation that plaintiff be awarded statutory post-judgment interest on the modified award. The Second Circuit has held that an award of post-judgment interest is "mandatory" and should be awarded at the statutory rate prescribed by 28 U.S.C. § 1961. *Schipani v. McLeod*, 541 F.3d 158, 165 (2d Cir. 2008)

7

(citing *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100 (2d Cir. 2004)). Post-judgment interest is calculated "from the date of the entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governor's of the Federal Reserve System, for the calendar week preceding[] the date of the judgment." (ECF No. 27, R&R at 22 (quoting 28 U.S.C. § 1961(a)).) As such, post-judgment interest shall accrue at the federal statutory rate until the judgment is paid in full. 28 U.S.C. § 1961.

**CONCLUSION**

For the reasons stated in the R&R and above, plaintiff's motion for default judgment is granted with respect to defendants Masada III and Masada III Transportation and denied with respect to defendant Masada III Car & Limo. Plaintiff is awarded a total amount of $26,917.32 as follows: (1) $3,401.51 in unpaid overtime compensation; (2) $1,150 in statutory penalties for wage notice violations; (3) $2,300 in statutory penalties for wage statement violations; (4) $3,401.51 in liquidated damages; (5) $15,750 in attorney's fees; and (6) $914.30 in costs. Plaintiff is also awarded prejudgment interest at a nine percent annual rate on the total compensatory damages, $3,401.51, from November 2, 2014 through the date of judgment, and post-judgment interest pursuant to 28 U.S.C. § 1961 from the date of judgment until the date of payment. The

8

Clerk of Court is respectfully directed to enter judgment accordingly, close the case, mail *pro se* defendants a copy of this order and judgment, and note service on the docket.

**SO ORDERED.**

Dated:   March 12, 2018
         Brooklyn, New York

_____/s/_____
**Hon. Kiyo A. Matsumoto**
United States District Judge